**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL RALPH REYES,

    Plaintiff,

  vs.

ROBERT HOREL, Warden; N. GRANNIS, Chief, Inmate Appeals Branch; J. BURLESON, Appeals Examiner; R. FLOTO, Appeals Examiner; T. SURGES, Appeals Examiner; DWIGHT WINSLOW, M.D., Health Care Manager; ACEL K. THACKER, Correctional Health Services Administrator II; MAUREN McLEAN, Family Nurse Practitioner; M D. CASTELLAW, Acting Warden; JOE McGRATH, Warden; RICHARD RIMMER, Director of Corrections; J. S. WOODFORD, Director of Corrections; B. J. O'NEAL, Associate Warden; RICHARD KIRKLAND, Acting Warden; D. W. BRADBURY, Correctional Counselor II and Appeals Coordinator; D. T. HAWKES, Correctional Counselor II and Institutional Gang Investigator; K. McGUYER, Correctional Captain, Institutional Security Unit; W. ANTHONY, Acting Correction Captain; SWIFT, Correctional Lieutenant; NAVARRO, Sergeant; J. BEESON, Correctional Sergeant; D. BAMEBURG, Correctional Sergeant and Institutional Gang Investigator; HAWKINS, Correctional Officer; C. MARTINEZ, Registered Nurse; S. RISENHOOVER, Family Nurse Practitioner; M. SAYRE, Medical Director; JOHN DOE 1, Medical Department; JOHN DOE 2, Correctional Officer; JOHN DOE 3, Correctional Officer or Administrator; JOHN DOE 4, Correctional Administrator; JOHN DOE 5, Appeals Examiner; and JOHN DOE 6, Institutional Gang Investigator,

    Defendants.

No. C 07-1449 PJH (PR)

**PARTIAL DISMISSAL AND ORDER OF SERVICE**

United States District Court
For the Northern District of California

Plaintiff, a prisoner at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

## DISCUSSION

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

The petition contains four claims. In the first, petitioner contends that certain defendants were deliberately indifferent to a serious medical need; in the second, that certain defendants retaliated against him for filing a grievance about medical care; in the third, that he suffered from the effects of chemical spray used on another inmate; and in the fourth, that his First Amendment rights were violated by restrictions on his communications.

Claim one seems to be his primary claim. Claim two is related to it in that it involves retaliation for his grievances about the deliberate indifference to a serious medical need which is the basis for claim one. Claims three and four, however, are unrelated to claims

2

one and two.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R.Civ.P. 18(a). However, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R.Civ.P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way – that is, if there was not "similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* In view of this, claims three and four and the defendants against whom they are asserted will be dismissed from the case without prejudice to filing those claims as separate suits.

Claims one and two contain contentions that plaintiff suffered excruciating pain from a spinal cord injury for which he was not given adequate pain medication, and that he was retaliated against for filing a grievance about the lack of pain treatment. These contentions are sufficient to require a response.

**CONCLUSION**

1. For the foregoing reasons, claims three and four and defendants Horel, Surges, Burleson, Castellaw, McGrath, Rimmer, Woodford, O'Neal, Kirkland, Hawkes, McGuyer, Anthony, Swift, Navarro, Bameburg, Beeson, Hawkins, and John Does two through six are **DISMISSED** without prejudice.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: N. Grannis, Chief, Inmate Appeals Branch, CDCR, Sacramento; R. Floto, Appeals Examiner, PBSP; Dwight Winslow, M.D., PBSP; Acel K. Thacker, Correctional Health Services Administrator II, PBSP; Mauren McLean, FNP, PBSP; D. A. Bradbury, Correctional Counselor II and Appeals Coordinator, PBSP; C.

3

Martinez, RN, PBSP; S. Risenhoover, FNP, PBSP; and M. Sayre, M.D., Medical Director, PBSP. The clerk also shall serve a copy of this order on plaintiff.

3. In order to expedite the resolution of this case, the court orders as follows:

a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 10, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\REYES449.DWL

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.