UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. REYES,

    Plaintiff,

v.

JAMES TILTON, et al.,

    Defendants.
_____/

No. C 07-1449 PJH

**ORDER**

Plaintiff Gabriel R. Reyes, who is presently incarcerated at Pelican Bay State Prison ("PBSP"), filed a pro se civil rights complaint on March 13, 2007 under 42 U.S.C. § 1983, alleging claims of constitutional violations. Among other claims, plaintiff asserted that prison officials and medical personnel had been deliberately indifferent to his medical needs, by failing to provide him with adequate medication for pain. Plaintiff also requested leave to proceed in forma pauperis.

Plaintiff asserted claims against 26 named defendants and six Doe defendants. The named defendants were Robert Horel; N. Grannis; J. Burleson; R. Floto; T. Surges; Dwight Winslow, M.D.; Acel K. Thacker; Mauren McLean; M.D. Castellaw; Joe McGrath; Richard Rimmer; J.S. Woodford; B.J. O'Neal; Richard Kirkland; D.W. Bradbury; D.T. Hawkes; K. McGuyer; W. Anthony; Swift; Navarro; J. Beeson; D. Bameburg; Harkins; C. Martinez; S. Risenhoover; and M. Sayre, M.D.

On July 10, 2007, the court granted plaintiff's request for leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915A, the court dismissed two of plaintiff's four causes

of action, and 17 of the 28 named defendants and five of the Doe defendants. The court dismissed the claims against defendants Horel, Burleson, Surges, Castellaw, McGrath, Rimmer, Woodford, O'Neal, Kirkland, Hawkes, McGuyer, Anthony, Swift; Navarro; Bameburg; Beeson; Harkins,[1] and Does two through six.

The court ordered that summons and complaint be served on the nine remaining defendants – defendants Grannis, Floto, Winslow, Thacker, McLean, Bradbury, Martinez, Risenhoover, and Sayre. The court also ordered that defendants file a motion for summary judgment or other substantive motion, or advise the court that the case could not be resolved by substantive motion, no later than 60 days from the date of service.

On July 12, 2007, summonses were issued for defendants Grannis, Floto, Winslow, Thacker, McLean, Bradbury, Martinez, Risenhoover, and Sayre.

On September 10, 2007, the nine named defendants filed an application for an extension of time to file their dispositive motion. Also on September 10, 2007, plaintiff filed a motion for appointment of counsel, and a motion for preliminary injunction. To date, the court has not ruled on either of those motions.

On September 21, 2007, the court granted defendants' request for an extension, giving them until November 26, 2007 to file their dispositive motion.

On November 26, 2007, plaintiff, represented by Ivor E. Samson of the law firm of Sonnenschein Nath & Rosenthal LLP, filed a first amended complaint ("FAC") against eleven named defendants – Grannis, Floto, Winslow, Thacker, McLean, Martinez, Risenhoover, and Sayre, and newly named defendants James Tilton, Robin Dezember, and Robert Horel, plus ten Doe defendants.[2] Plaintiff did not file a notice indicating that he was withdrawing from representing himself and that Mr. Samson and the Sonnenschein

---

[1] Defendant Harkins was mistakenly identified as "Hawkins" in the July 10, 2007 order.

[2] The FAC did not name D.W. Bradbury as a defendant in the FAC. Accordingly, he/she is dismissed from the case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

firm were substituting in as counsel.[3]

Also on November 26, 2007, defendants Grannis, Floto, Winslow, Thacker, McLean, Bradbury, Martinez, Risenhoover, and Sayre filed a motion to dismiss and motion for summary judgment.

On November 28, 2007, defendants Grannis, Floto, Winslow, Thacker, McLean, Martinez, Risenhoover, and Sayre filed a request that the court screen the FAC under 28 U.S.C. § 1915A, and stay the action until such completion of such screening. Defendants waived their right to respond to the FAC under 42 U.S.C. § 1997e(b).

On January 9 and 10, 2008, the summonses were returned as unexecuted as to all defendants.

On January 10, 2008, plaintiff filed a notice of substitution of counsel, stating that Manuel Alvarez, Jr., of the Sonnenschein firm would be replacing Jeffry Butler as lead counsel representing plaintiff.

**DISCUSSION**

A. Legal Standard

Federal courts are required to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify the cognizable claims, if any, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Analysis

---

[3] Moreover, while the caption on the FAC listed only Mr. Samson as counsel for plaintiff, the FAC was e-filed by Jeffry Butler of the Sonnenschein firm.

3

In its initial review order, the court determined that plaintiff had stated a claim of deliberate indifference to serious medical needs, against defendants Grannis, Floto, Winslow, Thacker, McLean, Martinez, Risenhoover, Sayre, and a claim that certain defendants had retaliated against him for filing a grievance about medical care.

In the FAC, plaintiff alleges five causes of action – (1) deliberate indifference to serious medical needs, in violation of the Eighth Amendment to the United States Constitution, against defendants Grannis, Floto, Winslow, Thacker, McLean, Martinez, Risenhoover, Sayre, Tilton, Dezember, and Horel; (2) retaliation for filing a grievance, in violation of the First Amendment to the United States Constitution, against defendant Sayre; (3) medical negligence, against defendant Sayre; (4) negligence, against defendant Sayre; and (5) negligent infliction of emotional distress, against defendant Sayre. Plaintiff seeks damages and injunctive relief.

Defendants now seek a second § 1915A screening order. In their request, defendants argue, first, that "various claims" in the FAC should be dismissed because they are based on either a respondeat superior or a vicarious liability theory, in that plaintiff does not allege that he was personally examined or treated by defendants Thacker, McLean, Tilton, Dezember, or Horel; and second, that plaintiff has asserted claims based on state tort law without alleging exhaustion of administrative remedies.

1. Claims alleged against supervisory personnel

All defendants are sued in both their individual and official capacities. See FAC ¶¶ 50, 57. State officials sued in their individual capacities are "persons" under § 1983. Hafer v. Melo, 502 U.S. 21, 31 (1991). However, neither a state nor state officials acting in their official capacities are "persons" under § 1983.[4] Will v. Michigan Dep't of State Police,

---

[4] The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). This includes state law claims brought against a state in federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367. Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 541-42 (2002). Eleventh Amendment immunity also extends to suits against a state agency. Alabama v. Pugh, 438 U.S. 781, 782 (1978); Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969).

4

491 U.S. 58, 71 (1989); see also Kentucky v. Graham, 473 U.S. 159, 169-70 (1985).

There is one exception to this general rule – a state official may be sued in his official capacity under § 1983 for prospective injunctive relief from continuing or impending state action that violates the federal constitution or a federal statute. Will, 491 U.S. at 71 n.10; Armstrong v. Wilson, 124 F.3d 1019, 1026 (9th Cir. 1997). The exception applies only if the official has "some connection with the enforcement of that act." See Confederated Tribes & Bands v. Locke, 176 F.3d 467, 469 (9th Cir. 1999).

Accordingly, to the extent that plaintiff seeks damages under the first two causes of action from any defendant in his/her official capacity, that claim must be dismissed. Plaintiffs may seek damages from defendants in their individual capacities. However, as to defendants Thacker, McLean, Martinez, Tilton, Dezember, and Horel, plaintiff fails to allege any personal connection with any of the alleged constitutional violations.

Plaintiff alleges that Thacker was employed at PBSP as a Correctional Health Services Administrator, FAC ¶ 17; that McLean is a registered nurse and was employed as a Health Care Manager at PBSP, FAC ¶ 15 and that Martinez is a registered nurse and was employed by PBSP, FAC ¶ 16. Plaintiff does not plead any facts showing Thacker's or McLean's or Martinez's personal involvement in the alleged constitutional violations.

Plaintiff asserts that Tilton was appointed Secretary of the California Department of Corrections and Rehabilitation ("CDCR") in 2006, and that "CDCR oversees California State Prisons, including Pelican Bay," by promulgating regulations. FAC ¶ 9. Plaintiff does not plead any facts showing Tilton's personal involvement in the alleged constitutional violations.

Plaintiff alleges that Dezember was appointed Chief Deputy Secretary of CDCR's Health Care Services Division in 2007, and that the Health Care Services Division "oversees the delivery of health care services to California's inmate population, [and] determines health care priorities, plans, policies, and programs." FAC ¶ 10. Plaintiff does not plead any facts showing Dezember's personal involvement in the alleged constitutional violations.

Plaintiff asserts that Horel was appointed Warden of Pelican Bay in 2007, served as the prison's acting warden since 2006, and served as Associated Warden of Health Care at the prison from 2002 to 2004. FAC ¶ 11. Plaintiff does not plead any facts showing Horel's personal involvement in the alleged constitutional violations.

To be liable under § 1983, the defendant must have caused the alleged violation. See Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). Thus, to state a claim against a supervisory official, the plaintiff must allege that the official personally participated in the constitutional deprivation, or that the supervisor was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. Ortiz v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff does allege that "each [d]efendant" (referring to Grannis, Floto, Winslow, Thacker, McLean, Martinez, Risenhoover, Sayre, Tilton, Dezember, and Horel) "disregarded [p]laintiff's serious medical need" by cancelling or failing to administer efficacious pain medication between September 2004 and February 2005, Cplt ¶ 43; failing to provide plaintiff access to a Pain Management Specialist after February 2005," FAC ¶ 44; and suspending or causing or allowing suspension or reduction of one of plaintiff's medications in 2005 and 2006, and up to the present, FAC ¶¶ 46-49.

However, plaintiff alleges no facts showing that defendants Thacker, McLean, Martinez, Tilton, Dezember, or Horel had any personal involvement with the challenged decisions regarding administration of medication or medical treatment to plaintiff. The only defendants alleged to have had personal involvement in those decisions are defendants Grannis, Floto, Winslow, Risenhoover, and Sayre.

There is no respondeat superior liability under § 1983, and a defendant's position as the supervisor of persons who allegedly violated the plaintiff's constitutional rights is not sufficient, standing alone, to impose liability. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691-92 (1978); Taylor, 880 F.2d at 1045. Accordingly, as pled, the claims against defendants Thacker, McLean, Martinez, Tilton, Dezember, and Horel fail to

state a claim and must be dismissed.

2. State law tort claims

In their request for a § 1915A screening, defendants assert that the third through fifth causes of action (medical negligence, negligence, and negligent infliction of emotional distress) must be dismissed because plaintiff fails to allege exhaustion of administrative remedies.

The California Tort Claims Act, Cal. Gov't Code §§ 900 et seq. ("CTCA") requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part. See Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing Snipes v. City of Bakersfield, 145 Cal. App. 3d 861 (1983)). Under California law, failure to allege facts either demonstrating or excusing compliance with the CTCA subjects a complaint to dismissal for failure to state a claim. See California v. Superior Ct. (Bodde), 32 Cal. 4th 1234, 1245 (2004).

It is not clear, however, whether CTCA exhaustion of state tort claims is a pleading requirement in cases brought in federal court, or whether it is instead an affirmative defense that need not be pled in the complaint. The Supreme Court has ruled that the exhaustion requirement under the PLRA, see 42 U.S.C. § 1997e(a), is an affirmative defense, the absence of which defendants have the burden of raising and proving. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007). In so doing, the Court discussed exhaustion in more general terms, and also explained the purpose of the PLRA's screening requirement, and noted that "the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense." Id. at 919-22.

Mindful of the Court's recent admonishments regarding the standards for pleading in federal court, see, e.g., id. at 919-20 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993)), the court finds that the state law claims should not be dismissed pursuant to a § 1915A screening order. In federal court, the proper means of raising an

7

exhaustion defense is by an unenumerated Rule 12 motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, if defendants wish to challenge the third through fifth causes of action, they may do so by means of a motion to dismiss.

**CONCLUSION**

1. Plaintiff must file a notice of substitution of counsel, showing Ivor E. Samson and Manuel Alvarez, Jr. of the Sonnenschein firm substituting in as counsel for plaintiff, who to date has officially been proceeding in propria persona. The filing of an amended complaint with new counsel's names on the caption does not qualify as a notice of substitution of counsel.

2. The claims alleged against defendants Thacker, McLean, Martinez, Tilton, Dezember, and Horel are DISMISSED, with leave to amend.

3. Any claims for damages against defendants acting in their official capacities are DISMISSED WITH PREJUDICE.

4. Plaintiff's motion for leave to amend complaint (Docket No. 3), motion for appointment of counsel (Docket No. 10), and motion for preliminary injunction (Docket No. 11) are DENIED as moot.

5. As Docket Nos. 21 and 22 reflect that the summonses issued for the original defendants were returned unexecuted, plaintiffs must either provide evidence that defendants have waived service of the summons and complaint, or must provide a return of service of the summons and complaint (and FAC) on each defendant.

6. The second amended complaint shall be filed no later than April 18, 2008. Plaintiff must serve the second amended complaint on all defendants, and, to the extent that summons has not yet been issued as to any defendant, must request the clerk to issue such summons and must cause it to be served with the amended complaint.          7. Should defendants wish to seek dismissal of the state law tort claims alleged against defendant Sayre, as discussed above, they shall file an unenumerated Rule 12 motion no later than 30 days from the date of service.

8. The court will schedule an initial case management conference following

resolution of defendant's Rule 12 motion, if any.

9. Defendants shall file a notice of withdrawal of their motion to dismiss and for summary judgment (Docket No. 15), without prejudice to refiling the motion for summary judgment, at a time to be later determined by the court.

**IT IS SO ORDERED.**

Dated: March 12, 2008

PHYLLIS J. HAMILTON
United States District Judge