UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL R. REYES,

    Plaintiff,

    v.

ROBERT HOREL, et al.,

    Defendants.

_____/

No. C 07-1449 PJH

**ORDER DENYING MOTION TO DISMISS**

Defendants' motion to dismiss the claims asserted against defendants Maureen McLean, Acel K. Thacker, Nola Grannis, R. Floto, Joseph Kravitz, C. Gorospe, and James Edward Flowers pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, came on for hearing before this court on September 24, 2008. Plaintiff Gabriel R. Reyes appeared by his counsel Manuel Alvarez, and defendants appeared by their counsel Deputy Attorney General Jay C. Russell. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

Plaintiff, a prisoner currently incarcerated at Pelican Bay State Prison, alleges a claim under 42 U.S.C. § 1983 for failure to provide adequate medical care, in violation of the Eighth Amendment to the United States Constitution. Plaintiff names twelve defendants in the third amended complaint. Defendants now seek an order dismissing seven of those defendants – McLean, Thacker, Grannis, Floto, Kraviktz, Gorospe, and Flowers – for failure to state a claim. Defendants contend that the third amended complaint alleges that those seven defendants administratively reviewed the actions of other medical personnel, but pleads no facts showing that the seven defendants had any

personal involvement in the alleged deprivation of medical care.

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.C. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

The court finds that the motion must be DENIED. Plaintiff's challenge is not to the administrative review process itself; rather, plaintiff claims that the defendants named in the third amended complaint were all, at a minimum, aware of his ongoing serious medical condition and deliberately indifferent to it. The court finds that plaintiff has stated sufficient facts to survive a 12(b)(6) motion. See Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (that prisoner wrote to prison administrators asking for help with medical problem is sufficient to generate a genuine issue of material fact as to whether the administrators were deliberately indifferent in failing to act).

**IT IS SO ORDERED.**

Dated: October 2, 2008

PHYLLIS J. HAMILTON
United States District Judge

2